```
IN THE UNITED STATES DISTRICT COURT
   FOR THE SOUTHERN DISTRICT OF GEORGIA
              STATESBORO DIVISION
```

FILED U.S. DISTRICT COURT
2011 SEP 13 AM 8:43
CLERK_____
SO. DIST. OF GA.

WARREN SKILLERN,

      Plaintiff,

v.                      CIVIL ACTION NO.: CV611-100

Unit Manager BREWTON;
JOHN PAUL, Deputy Warden;
and BRUCE CHATMAN, Warden,

      Defendants.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Georgia State Prison in Reidsville, Georgia, has filed an action pursuant to 42 U.S.C. § 1983. Plaintiff filed a motion to proceed *in forma pauperis* in this action.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

AO 72A
(Rev. 8/82)

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under § 1915(g): (1) Skillern v. Gault, No. 02-13176-A (11th Cir. Aug. 27, 2002) (appeal dismissed as frivolous); (2) Skillern v. Georgia Department of Corrections, CV202-64 (N.D. Ga. Sept. 4, 2002) (dismissed for failing to state a claim); and (3) Skillern v. Moss, No. 03-10500-I (11th Cir. June 3, 2003) (appeal dismissed as frivolous).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed three previously dismissed cases or appeals which qualify as strikes under section 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). As noted by the Court, "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Id.

In his Complaint, Plaintiff contends that he was moved from a single-man cell behind open bars to a single-man cell behind a solid door. Plaintiff also contends that

his television privileges have been taken from him. According to Plaintiff, the basis of his suit is that Defendants deprived him of his television privileges without due process or justification. (Doc. No. 1, p. 3).

At the time he filed his Complaint, Plaintiff had brought at least three cases or appeals which constitute strikes under § 1915(g). Plaintiff has not shown how he was in imminent danger of serious physical injury at the time he filed his Complaint, which was filed on August 30, 2011. Plaintiff should not be considered to meet the exception to the three strikes rule. Plaintiff's request to proceed *in forma pauperis* is **DENIED**, and this case should be **DISMISSED**. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full filing fee.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 15th day of September, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)